BAKER, JUDGE:
Claimant, Doris Trent, Administratrix of the Estate of Mina Ferguson, seeks an award from the Division of Highways for the unlawful death of her mother, Mina Ferguson, who was killed in a motor vehicle accident on November 9, 1989, near Hampden, Mingo County, West Virginia. Claimant alleges that the respondent was negligent in failing to maintain an adequate system of surface water drainage, causing the surface water to accumulate on the roadway, which condition caused Joseph Cantrell to drive his vehicle left of center and to collide with the vehicle driven by the decedent, Mina Ferguson, ultimately resulting in her death. It was stipulated by counsel that the issues of liability and damages be bifurcated and that the liability issue be resolved prior to consideration of damages.
From the evidence adduced at the hearing on January 22,1993, and from the evidence contained in eight evidentiary depositions, it appears that Mrs. Ferguson was traveling south around a curve on Route 52 toward the town of Gilbert when another vehicle, driven by Joseph Cantrell, was traveling south around a curve on Route 52 toward the town of Gilbert when another vehicle, driven by Joseph Cantrell, was traveling north around the same curve. Mr. Cantrell steered his vehicle left of center to avoid driving in mud and water that had accumulated on the road and then collided with the vehicle operated by Mrs. Ferguson.
Witnesses for the claimant testified that on the day of the accident there was an accumulation of water and mud in the road. There was testimony that this accumulation occurred every time that there was a heavy rain. Witnesses for the claimant also stated that this condition has existed for about twenty to thirty years. However, none of the witnesses for the claimant ever *11 reported the condition of the road to the respondent.
There were four vehicles involved in this accident. When Joseph Cantrell, who testified that he had driven this section of Route 52 prior to the date of this accident and had observed mud and water on the road on previous occasions, drove his northbound truck into the mud on the road, he stated that this condition caused his truck to veer to the left of center whereupon it was struck by the southbound Ferguson vehicle causing both vehicles to spin the road. Sherry Cresong, the driver of the vehicle also proceeding northbound behind the Cantrell truck, slowed down her vehicle to drive through the mud and water on the road, but the Ferguson vehicle slid into her vehicle. Another vehicle proceeding south behind the Ferguson vehicle and driven by Marietta Robinette then struck the Cantrell truck as it was sliding in the road. Sherry Cresong testified that she observed the Cantrell truck proceed left of center as it went into the curve. She saw the mud and water in the road, slowed down her vehicle, and drove through the water and mud with no apparent problems. Joseph Cantrell was cited for failing to keep his truck right of center.
The investigating officer of this accident, Roby Pope, Jr., a Corporal with the West Virginia State Police, filed a traffic accident report wherein he marked the block “Failure to Maintain Control” for the driver of the pick up truck, Mr. Cantrell, because he was driving left of center when the collision with the Ferguson vehicle occurred. He noted that there was dried mud on the road, but there was no water in the road when he was at the scene of the accident. In fact, he stated in his deposition that there was no standing water on roadway or the berm.
Norman Stepp, assistant county supervisor for the respondent, testified that he had personally observed the water problems on this road, but that there had never been any complaints made to the respondent about the condition of the road. He also stated that crews for the respondent had performed work on the road prior to the accident, and, because there were no complaints, he was unaware that there was a problem. He stated that after the accident the respondent discovered an old tile drain in the curve that had been covered over with mud and sand. Although the drain appeared to have been constructed in the early 1920’s or 1930’s, the respondent was unaware of this drain prior to the Ferguson accident.
This Court finds, after reviewing all of the evidence, that the respondent was not negligent in its maintenance of Route 52 at the scene of the accident herein. Photographs taken of the accident scene by the investigating officer portray muddy conditions on the berm or a parking area adjacent to the road. However, there does not appear to be standing water on the road or the berm. There is an appearance of mud on the road, but the mud does not appear to the Court to create a hazardous condition. The Court is of the opinion that the proximate cause of the accident herein was the act of negligence on the part of Mr. Cantrell when his truck went to the left of the center and into the path of the vehicle driven by Mr. Ferguson.
Although the Court is not unmindful of the tragedy which has befallen the family of Mrs. Ferguson, the Court has determined that the respondent was not negligent in its maintenance *12 of Route 52. For the reasons stated above, the Court must deny this claim.
Claim disallowed.
Judge Webb did not participate in the hearing or decision of this claim.